# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY ROBERT HOWARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-17-893-D |
| ) | |
| STATE OF OKLAHOMA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **ORDER**

Petitioner, appearing *pro se*, attempted to initiate this action on August 21, 2017, by filing a document titled, "Notice to the Court that Petitioner Filed Post-Conviction Relief Application; Motion to Hold Habeas Corpus § 2254 Petition Briefing Time in Abeyance While the Lower District Court Rules on Said Referenced Application" [Doc. No. 1]. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Bernard M. Jones for initial proceedings.

In his initial pleading, Petitioner asked the Court to hold his yet-to-be-filed habeas petition in abeyance while he exhausted his state court remedies [Doc. No. 1]. At the time of filing, Petitioner had not paid the required $5.00 filing fee nor submitted an application for leave to proceed *in forma pauperis* ("IFP"); he also had failed to file a habeas petition. In an August 28, 2017 Order to Cure Deficiency, Judge Jones directed Petitioner to cure these deficiencies [Doc. No. 4]. Petitioner filed a defective motion to proceed IFP on September 6, 2017 [Doc. No. 5]. The motion did not include a certified copy of the trust

fund account statement signed by an authorized officer of the penal institution where Petitioner was incarcerated.

In a September 18, 2017 Second Order to Cure Deficiencies, Judge Jones granted Petitioner additional time to cure the deficiencies and directed the court clerk to mail Petitioner the necessary forms to comply with the Order [Doc. No. 7]. Petitioner was cautioned that his failure to cure the deficiencies could result in dismissal of the action [Doc. No. 7].

On September 21, 2017, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 8]. In a September 25, 2017 Order, Judge Jones granted Petitioner until October 16, 2017, to cure the deficiencies in his Motion for Leave to Proceed IFP [Doc. No. 9].

On November 1, 2017, Judge Jones filed a Report and Recommendation ("Report") [Doc. No. 10], recommending that Petitioner's action be dismissed without prejudice to refiling. Specifically, Judge Jones noted that Petitioner had "twice been warned" that his failure to pay the filing fee or submit an application to proceed IFP with the appropriate supporting documentation could result in dismissal of the action [Doc. No. 10 at 2].

In his Report, Judge Jones advised Petitioner of his right to object and directed that any objection be filed on or before November 21, 2017. [Doc. No. 10 at 3]. Judge Jones further advised Petitioner that any failure to object would result in a waiver of the right to appellate review. *Id.*

Within the time limits imposed, Petitioner filed his Objection to Magistrate Judge's Report and Recommendation [Doc. No. 11] on November 16, 2017. Petitioner, however,

did not address in his objections his failure to cure the deficiencies in his Motion for Leave to Proceed IFP. Section 636(b)(1) requires the Court only to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3).

I. **Motion for Leave to Proceed IFP**

Petitioner was warned at least twice by Judge Jones of the specific deficiencies in his Motion for Leave to Proceed IFP and granted additional time to cure those deficiencies. [Doc. Nos. 4, 7, 9]. To date, however, he has not paid the requisite filing fee or submitted a certified copy of the trust fund account statement signed by an authorized officer.[1] *See* 28 U.S.C. § 1915(a)(2). Moreover, Judge Jones cautioned Petitioner that his failure to cure the deficiencies could result in the dismissal of this action without prejudice to refiling. Section 1915(a)(2) and the Local Court Rules are clear about these requirements. *See* LCvR3.3.

Proceeding IFP in a civil case "is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). "It is incumbent on

---

[1] Petitioner asserts in his attached affidavit [Doc. No. 5-1] to his defective Motion for Leave to Proceed IFP [Doc. No. 5] that "law library supervisor, Willa Burney" refused to process his application. As a result, Judge Jones granted Petitioner an additional 21 days to submit a completed application. [Doc. No. 9]. Petitioner was directed in the September 25, 2017 Order [Doc. No. 9] to show the Order "to the appropriate prison official in order to secure the necessary Statement and signature." Two months have passed since that date, and Petitioner has not provided the Court with any additional explanation as to why he has not secured the trust fund account statement signed by an authorized officer. Moreover, his objections to Judge Jones' Report do not address this issue. [Doc. No. 11].

3

litigants, even those proceeding pro se, to follow the federal rules of procedure." *Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). Moreover, the Court must manage its caseload and enforce the Local Court Rules and its own orders. *See Id.*

The Court agrees with Judge Jones that Petitioner's failure to correct the deficiencies warrants dismissal of this case without prejudice. Pursuant to FED. R. CIV. P. 41(b), the Court may dismiss an action where the petitioner fails to comply with court rules or a court order. *See also AdvantEdge Bus. Group v. Thomas E. Mestmaker & Associates, Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (dismissal without prejudice warranted as sanction for failure to comply with local or federal procedural rules); *Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir. 1992); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (dismissal appropriate where party disregards court orders and fails to proceed as required by court rules).

**II.     Motion for Stay and Abeyance**

Petitioner objects to Judge Jones' recommendation that Petitioner's motion for stay and abeyance be denied. [Doc. No. 11 at 2]. Petitioner asserts that his motion [Doc. No. 1] and attached form affidavit [Doc. No. 1-1] legally suffice to toll the time limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). [Doc. No. 11 at 2]. The Court disagrees.

Judge Jones addressed these issues in his first Order to Cure Deficiency [Doc. No. 4]. Finding that it was not possible to determine whether a stay and abeyance was appropriate, Judge Jones ordered Petitioner to file a formal motion for stay and abeyance

4

identifying factors showing good cause under *Rhines*. [Doc. No. 4 at 4]. Petitioner never filed a formal motion.

In "limited circumstances," the Court may stay the petition and hold it in abeyance while a petitioner returns to state court to exhaust unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). However, this procedure is only available when the petitioner has demonstrated "good cause" for the failure to exhaust, the unexhausted claims are "potentially meritorious," and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278. Here, the Court finds Petitioner has failed to show good cause or that his unexhausted claims are potentially meritorious.

In his Petition, Petitioner states that he has been denied access to the court and access to the law library from institutional lockdown [Doc. No. 8 at 4, 6-13]. Petitioner, however, does not show how the lockdown specifically affected his efforts to exhaust his state claims. According to Petitioner, he was still able to file his post-conviction application in Cleveland County District Court on August 14, 2017. [Doc. No. 8 at 4]. Although he notes the application was incomplete because he was denied access to the law library because of the institutional lockdown, he also notes that he filed a second extension of time [Doc. No. 8 at 13]. The Tenth Circuit has rejected similar claims that lack of library access, difficulties in obtaining a record, or lack of counsel constitute good cause. *See e.g., Abeyta v. Estep*, 198 Fed. Appx. 724, 727 (10th Cir. 2006) (unpublished)[2] ("difficulty obtaining the record … lack of library access, and lack of counsel – did not constitute a sufficient

---

[2] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

5

showing of justifiable excuse or excusable neglect, let alone good cause (factually or legally) for the failure to exhaust"); *Doyle v. Abbott*, 330 Fed. Appx. 703, 708 (10th Cir. 2009) (unpublished)[3] (*citing Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

### III. Other Objections to Report

Petitioner objects broadly to the Report, stating that he objects "based upon an inaccurate determination of the facts and incorrect conclusion of law." [Doc. No. 11 at 1-2]. In light of these broad objections, the Court has reviewed all aspects of the Report *de novo*. Petitioner also objects to the Report because, in his view, it mischaracterizes his constitutional claims or only addresses some of Petitioner's claims [Doc. No. 11 at 2]. Finally, Petitioner asserts that Judge Jones misstates the procedural history of the case in state court [Doc. No. 11 at 2]. After *de novo* review, Petitioner's broad objections are rejected because the Court agrees with the Report's analysis.

### CONCLUSION

IT IS THEREFORE ORDERED that Judge Jones' Report and Recommendation [Doc. No. 10] is ADOPTED in its entirety. There is no need for a hearing, and Petitioner's request for same is DENIED. This action is DISMISSED without prejudice to the filing of a new action. Petitioner's defective Motion for Leave to Proceed IFP [Doc. No. 5] is DENIED. Petitioner's motion for stay and abeyance [Doc. No. 1] is DENIED as moot. A judgment shall be issued forthwith.

---

[3] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED.

IT IS SO ORDERED this **29th** day of November 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE